IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAMION K. WEST, #063789<br>　　　　　Plaintiff,<br>　　　v.<br><br>OFFICE S. HAMMOND OF THE<br>　UNIVERSITY OF MARYLAND POLICE<br>　DEPARTMENT<br>　　　　　Defendant. | *<br><br>*　CIVIL ACTION NO. CCB-06-3266<br><br>*<br><br>*<br><br>*** |

**<u>MEMORANDUM</u>**

This 42 U.S.C. § 1983 civil rights action for damages was filed by Damion K. West ("plaintiff"). In his original and court-ordered supplemental complaints plaintiff alleges that on or about 9:00 p.m. on Friday, December 3, 2005, he was sitting in his car in a College Park, Maryland parking lot when Officer S. Hammond of the University of Maryland Police Department pulled up and asked to see his driver's license and registration. Paper Nos. 1 & 4. Plaintiff complains that although the officer ran a check on the aforementioned documents and found everything in order, the officer asked him to step out of the vehicle and conducted a body search, finding a bag of marijuana in plaintiff's pocket. *Id*. Plaintiff states he was placed under arrest and characterizes the matter as one involving "racial profiling, illegal search and seizure, and false imprisonment." *Id*. He states that "I feel like I was harassed because of my skin color." *Id*. The attachments provided by plaintiff show that he was charged with two counts of drug possession (marijuana and cocaine) and one count of possession of paraphernalia in the

District Court for Prince George's County, Maryland on December 3, 2005,[1] and that a nolle prosequi was entered as to all three charges in November of 2006. Paper No. 4 at Attachments.

Currently pending before this court is defendant's motion to dismiss, which remains unopposed as of the within signature date.[2] Paper No. 12. For reasons to follow defendant's dispositive filing shall be granted without oral argument or hearing. *See* Local Rule 105.6. (D. Md.).

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, a Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks and alterations omitted). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, however, a

---

[1] The statement of probable cause prepared by Officer Hammond on December 3, 2005, is provided by plaintiff. Paper No. 4 at Attachments. The statement sets out the following information:

At 12:17 a.m. Hammond personally observed a vehicle parked in a College Park, Maryland parking lot where the businesses, including a commercial bank, were closed. He approached the vehicle and observed that it was occupied by two individuals. Hammond states that when the driver rolled down the window as ordered he detected a strong odor emanating from the vehicle which he knew by training, knowledge, and experience to be marijuana. Both occupants were removed from the vehicle and during the search of the driver Hammond recovered three small bags containing a greenish leafy brown vegetable matter and one small bag containing a white powder substance. Hammond "knew" these items to be marijuana and cocaine. He also recovered a rolled up dollar bill which he knew to be drug paraphernalia. A field test indicated a positive result for marijuana.

The driver was placed under arrest and identified by his driver's license as plaintiff. During an inventory of plaintiff's property at the Hyattsville, Maryland Division of Correction, a second bag containing cocaine was located on plaintiff. The total weight of the three bags of marijuana was 6 grams, having an approximate street value of $120.00, and the weight of the two bags of cocaine was 4.5 grams, having an approximate street value of $450.00.

[2] Notice of defendant's dispositive filing was sent to plaintiff on April 11, 2007, pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Paper No. 13.

complaint must "in light of the nature of the action . . . sufficiently allege each element of the cause of action so as to inform the opposing party of the claim and its general basis." *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir. 2005). In addition, because the court is testing the legal sufficiency of the claims, the court is not bound by the plaintiff's legal conclusions. *See*, *e.g.*, *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001) (noting that the "presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)" when the facts alleged do not support the legal conclusions).

Defendant argues that his actions were taken in his official capacity as a police officer for the University of Maryland.[3] He primarily asserts that he is entitled to statutory immunity as a state officer "in the courts of the State and from liability in tort for a tortious act or omission that is within the scope of the public duties of the State personnel and is made without malice or gross negligence." While individual state workers may be immunized from tort liability under Maryland statutory law for acts and omissions committed within the scope of their employment and made without actual malice or gross negligence,[4] this statutory immunity is not applicable here to the extent that plaintiff has filed 42 U.S.C. § 1983 civil rights claims, as well as what may be construed as state law claims. Nonetheless, the court finds that dismissal of the matter is warranted.

Neither a state nor state officials acting in their official capacity are "persons" within the meaning of § 1983 and as such are not amenable to suit for damages. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). This court has likewise found that sheriffs and their

---

[3] Plaintiff does not refute this assertion.

[4] *See* Md. Code Ann., Cts. & Jud. Proc. § 5-522(b); *see also Shoemaker v. Smith,* 353 Md. 143, 725 A.2d 549, 560 (1999); *Ford v. Baltimore City Sheriff's* Office, 149 Md. App. 107, 814 A.2d 127, 134 (2002).

deputies ordinarily are state officials for purposes of § 1983 and, therefore, are not subject to suits for monetary damages in their official capacities. *See Rossignol v. Voorhaar*, 321 F. Supp.2d 642, 650-51 (D. Md. 2004); *Kennedy v. Widdowson*, 804 F. Supp. 737, 741-42 (D. Md. 1992).[5] Defendant is an officer with the University of Maryland Police Department. Therefore, to the extent that he is sued in his official capacity, Hammond is entitled to immunity under the Eleventh Amendment as to plaintiff's complaint for damages.

Defendant further argues that plaintiff has presented bare allegations which are not sufficient to state constitutional or state law claims for racial profiling, illegal search and seizure, or false imprisonment. Significantly, at no point does West raise a particularized challenge to or refute the facts in Hammond's probable cause statement with regard to the officer's personal observations and findings which go to the legality of the search, seizure, and arrest. Indeed, plaintiff acknowledges that he had a bag of marijuana in his pocket when searched by Hammond. The information in the statement of charges, which was incorporated into the complaint and may therefore be considered by the court, states probable cause for the plaintiff's arrest and search and the resulting charges. At the very least, Hammond would be entitled to qualified immunity as to the § 1983 claims.

For the aforementioned reasons defendant's motion to dismiss shall be granted. A separate order follows.

Date:   August 31, 2007                             /s/
                                            Catherine C. Blake
                                            United States District Judge

---

[5]  *See also Miller v. Rutgers*, 619 F.Supp. 1386, 1392-93 (D. N. J. 1985) (state college police officers entitled to Eleventh Amendment immunity for actions taken in their official capacity).